JOHN H. GORMAN v. WILLIAM L. LAMB.[1]

April 24, 1903.

Nos. 13,275—(13).

**Mortgage Note—Findings.**

    The trial court's findings of fact herein are sustained by the evidence, and its conclusion of law by the facts.

Appeal by defendant from an order of the district court for Martin county, Quinn, J., denying a motion for a new trial, after a trial and findings in favor of plaintiff for $156.65. Affirmed.

*Dean & Palmer,* for appellant.

*Mathwig, Sasse & Hopp,* for respondent.

[1] Reported in 94 N. W. 435.

START, C. J.

This action was brought to recover $125 and interest upon the defendant's agreement to pay the same. The complaint alleged that on January 6, 1893, John H. Monk was indebted to the plaintiff in the sum of $125, which was evidenced by a promissory note, in which the plaintiff was named as payee; that the defendant, by his contract indorsed upon the note, agreed to pay the amount of the note to the payee when a mortgage máde by John H. Monk to John Nauerth was fully paid; that such mortgage secured the payment of the note by Monk, which was a part of the consideration for the mortgage; that the mortgage was paid, but the payment thereof was fraudulently concealed by the defendant from the plaintiff until December 1, 1900. The answer admitted the making of the contract by the defendant; alleged that it was made without any consideration, that the mortgage had not been paid, that the contract had been cancelled by consent of the parties, and that the alleged cause of action did not accrue within six years before the commencement of the action. The reply put in issue the new matter alleged in the answer.

The cause was tried by the court without a jury, and, as a conclusion of law from its findings of fact, the court directed judgment for the plaintiff for $156.65—the plaintiff's pro rata share of the money arising from a foreclosure of the mortgage which secured his debt, with the debts of others. This conclusion and the facts found by the court are in some respects a departure from the issue as tendered by the pleadings, but it conclusively appears from the record that the facts from which the conclusion follows were litigated by consent without reference to the pleadings; that is, the evidence to establish the facts was received without objection. The defendant, by the decision of the court, was not charged with the full amount of the debt which he agreed to pay when the mortgage securing it was paid, but only for the plaintiff's pro rata share of the proceeds arising from the foreclosure of the mortgage, which was not paid in full from the proceeds of the foreclosure or otherwise; hence there is here no question as to the statute of limitations. The questions arising upon the record

are whether the facts found by the trial court are sustained by the evidence, and its conclusion of law by the facts found.

While the evidence as to some of the material facts found was conflicting, it sustains the court's finding of facts. Such facts, so far as here material, briefly stated, are these: On January 2, 1893, Monk, the original debtor, was indebted to various creditors in an amount approximating $1,000. Some of his debts were secured by a chattel mortgage. The balance was unsecured. On the day named he entered into an agreement with the defendant to take up such debts, and take a chattel mortgage securing the amount thereof on all of his personal property to John Nauerth, a resident of Iowa, and pay the creditors their several claims as the money therefor was realized from the mortgage. This mortgage was given as agreed, which secured the plaintiff's claim, with the others. Thereupon the defendant, in consideration of such mortgage, by an agreement indorsed on the back of plaintiff's note, promised to pay to him the amount thereof when the mortgage was fully paid. The defendant was the attorney in fact of Nauerth, duly authorized to loan money for him, and to deal with all loans and securities and execute all papers on behalf of Nauerth as he deemed best. On December 6, 1894, the defendant satisfied the mortgage so securing the plaintiff's debt, and took in place thereof from Monk a new chattel mortgage on his property to Nauerth to secure the amount of the latter's claim alone, and a second mortgage on the property to the plaintiff to secure his debt, which the defendant had promised to pay. On May 26, 1896, the defendant renewed these two mortgages, and on October 6, 1899, he foreclosed the renewal mortgage to Nauerth by a sale of the mortgaged property; the proceeds thereof being less than the amount of the debts. The plaintiff's pro rata share of such proceeds, if entitled to share therein, was $156.65. During all these transactions from January, 1893, to October, 1899, the defendant in no manner advised with, informed, or made known to the plaintiff any of his doings, and the plaintiff had no notice or knowledge whatever of any such transactions, except as he learned upon one occasion, through others than the defendant, of defendant's having taken the note dated May 26, 1896, and the foreclosure of one

of the mortgages in October, 1899; but the defendant during all of said time handled the claim of the plaintiff as he saw fit, extending it from time to time, changing the security, and collecting his individual indebtedness, as well as that of Nauerth, without regard to whether the plaintiff received anything upon his claim or not.

We are of the opinion that these facts support the trial court's conclusion of law that the plaintiff was entitled to recover from the defendant at least $156.65. As between these parties, it is immaterial that the original mortgage was in the name of Nauerth, for the latter had nothing to do personally with the transaction, and the defendant was authorized to do everything that he did do in the premises, so far as Nauerth was concerned. The plaintiff's debt was secured by the original mortgage. This the defendant knew, and upon a foreclosure thereof the plaintiff would have been entitled to share pro rata in the proceeds thereof. This right was not defeated by the renewal of the mortgages, and, when the proceeds from the sale of the mortgaged property came into the defendant's hands, he knew that the plaintiff was entitled to a pro rata share thereof. If he paid the whole proceeds to Nauerth, of which there is no proof, it is his own folly. He must account to the plaintiff for his share, which was not defeated by the defendant's attempt to displace the plaintiff's equity by the renewals of the mortgage. Substantial justice has been done in this case.

Order affirmed.